IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENISE PICKETT** <br> **J.D. PICKETT** <br><br> Plaintiffs, <br><br> vs. <br><br> **GRAEBEL KANSAS CITY MOVERS, INC.;** <br> **GRAEBEL/KANSAS CITY MOVERS, LLC;** <br> **GRAEBEL VAN LINES, LLC; GRAEBEL** <br> **COMPANIES, INC.; GRAEBEL VAN LINES, LLC;** <br> **and GRAEBEL VAN LINES HOLDINGS, LLC,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:17-CV02021 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AMENDED COMPLAINT**

COME NOW the Plaintiffs Denise Pickett and J.D. Pickett by and through their attorney of record, Thomas R. Hill, and for their causes of action against the Defendants allege and state as follows:

PARTIES AND VENUE

1. That Plaintiffs Denise Pickett and J.D. Pickett are former residents of Johnson County, Kansas currently residing at 838 Big Mountain Drive, Morgantown, WV 26508.

2. That on or about August 3, 2015, Plaintiff Denise Pickett entered into a written moving contract with Defendant Graebel Van Lines, LLC (address of van line on moving contract is 16346 E. Airport Circle, Aurora, CO 80011), Defendant Graebel Companies, Inc. (same address in Aurora, CO) and with Defendant Graebel Kansas City Movers, Inc. now doing business as Graebel/Kansas City Movers, LLC (9755 Commerce Parkway, Lenexa, Kansas) as its express agent.

3. That Plaintiffs causes of action are also applicable to Defendants Graebel Van Lines, LLC, a Kansas Limited Liability Company, and Graebel Van Lines Holdings, LLC, both of Merit Drive, Bldg 9, STE 400, Dallas, TX 75251, and Graebel Van Lines Holdings, LLC of 15455 Dallas Pkwy, Suite 600, Addison TX 75001 as these Defendants are

agents of and/or have ownership interest in Graebel/Kansas City Movers, LLC formerly known as Graebel Kansas City Movers, Inc.

4. That in the alternative Defendant GraebelKansas City Movers, LLC, formerly known as Graebel Kansas City Movers, Inc., is the express agent of Defendant Graebel Van Lines, LLC and Defendant Graebel Van Lines Holdings, LLC.

5. That the moving contract was entered into by Plaintiffs and Defendants in the State of Kansas.

6. That venue is proper in the United States District Court of Kansas.

## COUNT I
## Carmack Amendment

7. That Plaintiffs entered into a contract with Defendants, each and all, to move their personal property from their Kansas residence and from the Defendant Graebel/Kansas City Movers, L.LC.'s Lenexa, Kansas warehouse where this portion of their property had been in storage since moving to Kansas.  Both their residence personal property and their personal property in storage were moved from Johnson County, Kansas to Morgantown, West Virginia.

8. That on or about August 28, 2015, only a portion of Plaintiffs' personal property was delivered to their home in Morgantown, West Virginia.

9. That on January 22, 2016, 148 days after contracted delivery date for both the residence personal property and warehouse stored personal property, did Plaintiffs receive the remaining portion (personal household goods, furniture and property) of their own personal property stored at the Defendant Graebel/Kansas City Movers, L.L.C.'s Lenexa, Kansas warehouse.

10. That after August 28, 2015 delivery and January 22, 2016 delivery, Plaintiffs determined that at least $166,000.00 of personal property moved and stored by Defendant Graebel/Kansas City Movers, L.L.C. was either damaged or missing.  A partial list is as follows:

    a) large entertainment center (missing)
    b) dresser (missing)
    c) bedroom furniture (missing)
    d) heirloom (J.D. Pickett's father's antique lock box and skeleton key (missing)

      e) (1) 100 oz. bar of silver (missing)
      f) (300) 10 oz. bars of sliver (missing)
      g) miscellaneous household goods and furniture (damaged and broken)
      h) baseball card collection (missing)

11. That Plaintiffs' damaged or missing goods were solely caused by the conduct of the Defendants, each and all, through their agents or employees.

12. That the Carmack Amendment 49 USC § 14706, et seq is one of the Federal Statutes that subjects Defendants, each and all, to liability to Plaintiffs for their damaged and/or missing personal property.

13. That under the Carmack Amendment, a common carrier "shall be liable...for any loss, damage or injury" to an interstate shipment.

14. That pursuant to the Carmack Amendment, the shipper establishes a prima facia case when it shows (1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages.

15. That Plaintiffs' damaged goods was caused by the conduct (personal property delivered per the contract and personal property held hostage in storage warehouse of Defendant Graebel/Kansas City Movers, L.L.C. in Lenexa, Kansas for 148 days) of the Defendants, each and all, and not by an act of God, the public enemy, the act of the shipper, public authority or the inherent vice or nature of the goods.

WHEREFORE, pursuant to the Carmack Amendment, 49 USC § 14706, et seq Plaintiffs J.D. and Denise Pickett pray for judgment against all Defendants, each and all, for an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00), costs, interest pursuant to law and for such other and further relief as the Court deems just and equitable.

## COUNT II
### Kansas Consumer Protection Act

Plaintiffs Denise Pickett and J.D. Pickett reallege and incorporate herein by reference the allegations with regard to the parties and Counts I.

16. That Plaintiffs were residents of the State of Kansas at the time they engaged the services of Defendants, each and all, to perform services as defined by K.S.A. 50-624 (i).

17. That Defendants, each and all, are suppliers pursuant to K.S.A. 50-624 (j).

18. That Defendants, each and all, engaged in unconscionable acts and practices (hostage goods - held 148 days; demand of additional payment of $6,287.89 – breach of executed contract between Plaintiffs and Defendants) as defined by K.S.A. 50-690 and K.S.A. 50-627.

19. That Plaintiffs Denise Pickett and J.D. Pickett did not receive the material benefit of their agreement with Defendants, each and all, pursuant to K.S.A. 50-627 (3).

20. That Plaintiffs J.D. and Denise Pickett have made numerous attempts to resolve their claim for missing and damaged goods with Defendants, each and all, but to no avail which constitutes a breach of the Kansas Consumer Protection Act.

21. That pursuant to K.S.A. 50-6,101 Plaintiffs J.D. and Denise Pickett are entitled to an award of damaged for lost or destroyed property, twice the amount of the pecuniary loss, costs, disbursements and reasonable attorney fees.

WHEREFORE, pursuant to the Kansas Consumer Protection Act, Plaintiffs Denise Pickett and J. D. Pickett pray for judgment against Defendants, each and all, for an amount in excess of Seventy Five Thousand and no/100 Dollars ($75,000.00), double pecuniary loss, costs, disbursements, reasonable attorney fees, and interest pursuant to law and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

 /s/Thomas R. Hill
Thomas R. Hill, KS #09905
Thomas R. Hill, LLC
7500 College Boulevard, Suite 500
Overland Park, KS 66210
Phone: (785) 551-7233
Fax: (785) 551-7252
Email:  trhill.law@att.net
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, hereby, certify on the ___16th___ day of _____February_____, 2017, the above and forgoing document was sent via the United States Postal Service to the following:

DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.
Michael J. Judy
4420 Madison Avenue
Kansas City, MO 64111
(816) 931-2700
(816) 931-7377 – FAX
KHoffman@DysartTaylor.com
MJudy@DysartTaylor.com

**ATTORNEY FOR DEFENDANT**
Graebel/Kansas City Movers, LLC and
Graebel Van Lines, LLC

By:

  _/s/Thomas R. Hill_
Thomas R. Hill, KS #09905

Thomas R. Hill, LLC
Attorney at Law
7500 College Boulevard
Suite 500
Overland Park, KS  66210
Phone: 785-551-7233
Fax: 785-551-7252
Email: trhill.law@att.net
**ATTORNEY FOR PLAINTIFFS**