# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DENISE PICKETT, et al.,**

    **Plaintiffs,**

    v.

**GRAEBEL KANSAS CITY MOVERS INC., et al.,**

    **Defendants.**

Case No. 17-2021-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiffs brought this removal action against their moving company alleging claims under 49 U.S.C. § 14706 ("the Carmack Amendment"), 49 U.S.C. § 14915, *et seq.*, and a state law claim of negligence. Before the Court is Defendant Graebel/Kansas City Movers, LLC and Graebel Van Lines, LLC's Motion to Dismiss With Memorandum in Support (Doc. 5), and Plaintiffs J.D. and Denise Pickett's Motion to Amend (Doc. 8). As described more fully below, the Court grants in part and denies in part the motion for leave to amend. Plaintiffs' motion for leave to amend is granted as unopposed on proposed Count I, and denied as to proposed Count II. As such, Defendants' motion to dismiss the original petition is moot.

**I.**     **Standards**

Because granting Plaintiffs' motion for leave to amend would render Defendants' motion to dismiss moot, the Court addresses that motion first. Under Fed. R. Civ. P. 15(a), leave to amend is freely given when justice so requires.[1] Courts typically grant leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith

---

[1] Fed. R. Civ. P. 15(a)(2).

or dilatory motive, failure to cure deficiencies by amendment previously allowed or futility of amendment."[2]

A proposed amendment is futile if the amended complaint would be subject to dismissal.[3] To pass muster under 12(b)(6), "the complaint must give reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than a "sheer possibility."[5] "[M]ere 'labels and conclusions', and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the grounds that it appears unlikely the allegations can be proven.[7]

## II. Facts Alleged in Proposed Second Amended Complaint

The following facts are alleged in Plaintiffs' proposed Amended Complaint and are accepted as true for the purposes of deciding these motions. On August 3, 2015, Plaintiffs Denise and J.D. Pickett entered into a contract with Defendant Graebel Van Lines. Plaintiffs hired Defendant to move their belongings from their residence in Johnson County, Kansas to their new residence in Morgantown, West Virginia. On August 28, 2015, Defendants delivered some of Plaintiffs' personal property to their residence in West Virginia; however, some of the property was missing. Defendants demanded an additional payment of $6,287.89 to deliver the

---

[2] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2015).

[3] *Anderson v. Merrill Lynch Pierce Fenner & Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[4] *Ridge at Red Hawk LLC. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan Penn. Gaming, LLC v. Collins*, 656 F. 3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

missing property. On January 28, 2016, Plaintiffs received a portion of the remaining property, but valuable items were missing and some of their furniture was damaged or broken.

**III.     Discussion**

Plaintiffs' proposed Amended Complaint alleges two claims for relief: a claim under the Carmack Amendment, and a claim alleging unconscionable acts and practices under the Kansas Consumer Protection Act ("KCPA").[8] Defendants do not oppose amending the complaint to add the Carmack Amendment claim alleged in Count I. But Defendants argue that the proposed KCPA claim would be futile because it is preempted by either the Carmack Amendment, or by 49 U.S.C. § 14501.

Federal law preempts state law where it can be established Congress intended to do so.[9] Congress's intent can be express in a statute; however, "[a]bsent explicit preemptive language, Congress's intent to supersede state law altogether may be found from a scheme of federal regulation so pervasive as to make reasonable inference that Congress left no room for the state to supplement it."[10] This is commonly referred to as field preemption.[11] The Court's "ultimate task in any preemption case is to determine whether a state regulation is consistent with the structure and purpose of the statute as a whole."[12]

Because Congress enacted the Carmack Amendment to codify uniform liability for interstate carriers, the United States Supreme Court held it has a broad preemptive effect.[13] When addressing the scope of the Carmack Amendment, the Supreme Court said: "Almost every detail

---

[8] *See* K.S.A. §§ 50-690, -6,101.

[9] *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).

[10] *Id.*

[11] *Gade v. Nat'l Solid Waste Mgmt. Ass'n,* 505 U.S. 88, 98 (1992).

[12] *Id.*

[13] *See Adams Express Co. v. Croninger,* 226 U.S. 491, 505 (1913) (explaining that Congress sought to eliminate uncertainty for interstate shippers caused by a patchwork of state rules governing liability).

of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it."[14] Given the Supreme Court's history of extensively interpreting the Carmack Amendment, virtually every circuit to consider the issue has held that the Carmack Amendment preempts state remedies for negligent loss or damage to goods during interstate shipping.[15] The Tenth Circuit, specifically, has held that "the Carmack Amendment preempts state common law remedies for negligent loss or damage to goods shipped under a lawful bill of lading."[16]

However, a plaintiff may be allowed recovery under a state statute in addition to the Carmack Amendment if the state statute merely provides for incidental costs and does not allow an additional remedy.[17] In *A.T. Clayton & Co. v. Missouri-Kansas-Texas Railroad*, the Tenth

---

[14] *Id.*

[15] *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1120–21 (10th Cir. 1989) (citing *Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987)); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987) ("We reject the plaintiff's argument and their reliance on the cases of the Tenth Circuit and hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . . ."); *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir. 1984) ("A shipper who brings a negligence action may not recover in excess of the amount specified in the receipt or bill of lading."); *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R*, 721 F.2d 483, 487 (5th Cir. 1983) ("As the authorities previously noted hold, Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a common carrier."); *Millers Mut. Ins. Ass'n of Ill. v. S. Ry. Corp.*, 483 F.2d 1044, 1049 (4th Cir. 1973) (stating that the court was inclined to accept the preemption argument, although not called upon to decide the issue in that case); *Fulton v. Chicago Rock Island & Pac. R.R.*, 481 F.2d 326, 331 (8th Cir. 1973) ("[W]e agree that the Carmack Amendment has preempted suits in specific negligence by holders of bills of lading against their carriers."); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) ("As to the second issue posed by this appeal concerning whether or not the Carmack Amendment preempted common law suits of the nature of the first count stated in this case against both appellants, we hold that it did."); *Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R.*, 422 F.2d 462, 466, 468 (6th Cir. 1970) ("These cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, . . . a tort action does not lie."); *United States v. Reading Co.,* 289 F.2d 7, 9 (3d Cir. 1961) (presuming that an action for negligence would be brought under the Carmack Amendment, which "codifies the common law rule of a carrier's liability").

[16] *Underwriters at Lloyds of London*, 890 F.2d at 1121.

[17] *See A.T. Clayton & Co. v. Missouri-Kansas-Texas R.R.*, 901 F. 2d 833, 835 (10th Cir. 1990).

Circuit held the Carmack Amendment did not preempt an Oklahoma statute[18] allowing plaintiffs to recover attorney's fees where an interstate carrier willfully or negligently damaged goods.[19] The Tenth Circuit relied on the Supreme Court's decision in *Missouri, Kansas & Texas Railway v. Harris*, which held that a state remedy incidentally affecting a carrier's responsibility is not preempted by the Carmack amendment.[20] In contrast, the Carmack Amendment does preempt state remedies that enlarge or limit the responsibility of a carrier for the loss or damage of property entrusted to it.[21] The Tenth Circuit reasoned that the Oklahoma statute did not "provide an alternative avenue of recovery."[22] Rather, it allowed plaintiffs to recover "incidental compensatory allowance for the expense of employing an attorney."[23] Furthermore, the court explained that Oklahoma had good reason to provide the additional remedy of attorneys' fees, as it encouraged fast resolution to claims with merit. Therefore, the Tenth Circuit concluded that the Carmack Amendment did not preempt the Oklahoma Statute.[24]

Here, Plaintiffs request relief under K.S.A. § 50-6,101(c), which provides: "The court shall award a consumer who prevails in such an action twice the amount of any pecuniary loss, together with cost, disbursements and reasonable attorney fees *and* any equitable relief that the court determines is appropriate."[25] Although this statute grants recovery of attorney's fees, it also provides an alternative avenue of recovery for goods that were lost or damaged in interstate

---

[18] Okla. Stat. Ann. tit. 12 § 940 (West 2017) ("In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set aside by the court . . . .").

[19] 901 F.2d 833, 836 (1990).

[20] *Id.* at 834 (citing *Missouri, Kansas & Texas Ry. v. Harris*, 234 U.S. 412 (1914)).

[21] *See id.*

[22] *Id.* at 835.

[23] *Id.*

[24] *Id.*

[25] K.S.A. § 50-6,101(c) (emphasis added).

commerce. Furthermore, Plaintiffs do not allege any facts in addition to their Carmack Amendment claim that would warrant an additional recovery. Allowing Plaintiffs to recover under K.S.A. § 50-6,101(c) would expand the carrier's liability from "the value set forth in the bill of lading," as allowed under the Carmack Amendment, to twice the pecuniary loss. This additional avenue of recovery could not be considered an incidental cost as was the case in *A.T. Clayton.* Allowing this recovery would frustrate Congress's purpose of creating a scheme of uniform liability for interstate carriers.[26] Therefore, Plaintiffs' Count II alleging a violation of the KCPA is preempted by the Carmack Amendment . The Court need not consider Defendants argument that Count II is also preempted by 49 U.S.C. § 14501.

**IT IS THEREFORE ORDERED BY THE COURT** that that Plaintiff's Motion for Leave to Amend (Doc. 8) is **granted in part and denied in part**. Plaintiff shall file the proposed Amended Complaint (Doc. 8-1) as to Count I. The motion is denied as futile on the KCPA claim alleged in Count II.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is denied as **moot**.

**IT IS SO ORDERED.**

Dated: May 24, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[26]Plaintiff's citation to Judge Vratil's decision in *Hoover v. Allied Van Lines, Inc.*, 205 F. Supp. 2d 1232, 1240 n.4 (D. Kan. 2002), is unavailing. The cited footnote merely states that the plaintiffs in that case took the position that their state law claims for misrepresentation, fraud, and violations of the KCPA are not preempted by the Carmack Amendment. She did not rule on whether their KCPA claims were in facts preempted. Her decision was in the context of a motion to remand where the Defendant maintained that the court lacked jurisdiction because there was no federal claim alleged; Plaintiffs maintained that the Carmack Amendment preempted their breach of contract and negligence claims and thus provided a basis for federal court jurisdiction. *Id.* at 1236.